OPINION HEADING PER CUR 









                NO. 12-07-00182-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

ANTHONY
WAYNE WHITE,          §          APPEAL FROM THE THIRD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

ELIZABETH
ANN MILLER, ET AL.,

APPELLEES §          ANDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM








            This appeal is being dismissed for want of jurisdiction
pursuant to Texas Rule of Appellate Procedure 42.3(a).  The trial court’s judgment was signed on
January 24, 2007.  Under rule of
appellate procedure 26.1(a), unless Appellant timely filed a motion for new
trial or other postjudgment motion that extended the appellate deadlines, his
notice of appeal was due to have been filed “within 30 days after the judgment
[was] signed,”i.e., February 23, 2007. 
Appellant filed a motion for new trial on March 2, 2007.  However, a motion for new trial must be filed
within thirty days after the judgment is signed.  Tex.
R. Civ. P. 329b(a).  Because
Appellant filed his motion for new trial thirty-seven days after the judgment
was signed, the motion was untimely and did not extend the appellate
deadlines.  See Tex. R. App. P. 26.1(a) (notice of
appeal due within ninety days after judgment signed when timely motion for new
trial filed).  Nor did Appellant file a
motion for extension of time to file his notice of appeal.  See Tex.
R. App. P. 26.3.  Consequently,
the time for perfecting Appellant’s appeal was not extended.  Tex.
R. App. P. 26.1(a).  Appellant
filed his notice of appeal on May 10, 2007. 
Because the notice of appeal was not filed on or before February 23, 2007,
this court has no jurisdiction to consider the appeal.[1]

            On May 11, 2007, this court notified Appellant pursuant
to Texas Rule of Appellate Procedure 42.3(a) that his notice of appeal was
untimely.  Appellant was further informed
that unless the record was amended on or before May 21, 2007 to establish the
jurisdiction of this court, the appeal would be dismissed.  The deadline has now passed, and Appellant
has neither responded to our notice or shown the jurisdiction of this court.

            Because this court is not authorized to extend the time
for perfecting an appeal except as provided by Texas Rules of Appellate
Procedure 26.1 and 26.3, the appeal is dismissed for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).

Opinion
delivered May 23, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] If Appellant had timely
filed his motion for new trial, his notice of appeal would have been due
April 24, 2007.  His notice of
appeal still would have been untimely because it was not filed until May 10,
2007.